## Case No. 4,543.

### In re ETTINGER.

[18 N. B. R. 222.] [2]

District Court, S. D. New York.   Aug. 10, 1878.

A. Blumenstiel, for assignee.
Gardiner & Goodheart, for bankrupt.

CHOATE, District Judge.   This is a petition to compel the bankrupt to pay over to his assignee certain moneys alleged to have been collected by him and not accounted for. The bankrupt has been examined at great length, and his examination is chiefly relied on by the assignee as furnishing the evidence of the receipt of the money.   The petition was filed against him by his creditors, October 22, 1875, and it is claimed that he received after that day five thousand one hundred and ninety-nine dollars and fifty-seven cents from various persons indebted to him, and two thousand four hundred and seventeen dollars and nineteen cents before that day, besides the sum of nine hundred and fifty dollars drawn from the bank.   The bank-

[2] [Reprinted by permission.]

rupt admits the receipt of only five hundred and forty-six dollars and sixty-four cents after October 22d, and claims to have paid out a part of it, three hundred and twenty-four dollars and twenty-five cents for the benefit of his estate, and the rest in necessary household expenses; and as to all sums received before October 22d, he claims to have paid the same out to his creditors, and in paying the expenses of his business, except five hundred dollars which he says he gave to his wife.

The evidence is satisfactory that the bankrupt received and is chargeable with the following sums, received after the filing of the creditor's petition:

| | |
|---|---:|
| T. G. Widener | $ 25 00 |
| Marks | 8 00 |
| Bernhard | 11 00 |
| Copperly & Collins | 35 50 |
| Clark Brothers & Co | 59 00 |
| Gerber | 52 52 |
| Vogel | 9 00 |
| Spanganthal | 13 00 |
| Davis | 54 50 |
| Rent of Forty-Eighth street house | 28 50 |
| J. Gangston, January 25, 1876 | 46 88 |
| Mrs. Gangston, per Laly, October 27, 1875 | 50 00 |
| A. Rosenbaum & Co., January 4, 1876 | 96 25 |
| J. G. Mautner, December 15, 1875 | 40 50 |
| Scheidenbach & Bettman, January 4, 1876 | 45 24 |
| Adriance, Robbins & Co | 11 00 |
| Wm. Thomas | 95 33 |
| Bartlett, Reed & Co | 15 75 |
| | $696 97 |

As to the other sums claimed to have been received after October 22d, the evidence is not sufficient to prove that they were received after that day.   The bankrupt's testimony as to many of them is contradictory and apparently evasive, but as to several of these sums he swears that they were received before the filing of the petition, and while his testimony is entitled to little or no credit, there is no evidence from which the receipts of the moneys after October 22d can be fairly inferred.   He testifies that the sheriff was in possession of his books from the 13th of October, and no entries could be made in them after that, and also that before the 13th of October his bookkeeper was sick, and his books were not regularly kept.   He is not contradicted in these statements, although, if untrue, they would be susceptible of contradiction.   Therefore as to receipts between the 14th and the 22d of October, and perhaps before the 14th, the fact that he admits payments at some time, in connection with the facts that the parties owing the money are charged with the amount on the books as due, and that no credit is given to them on the books, leaves the time of payment still uncertain, in respect to whether the money was received before or after October 22d.

As to the case of Samuels, it is proved that the bankrupt received in May or June, 1875, two notes at eight months for the amount, one thousand and ninety-seven dollars and seventy-two cents.   He testifies that he sold

them when or about the time he received them. No entry of this transaction appears in his cash-book, but Samuels is credited with the amount as cash in the ledger. The testimony of the bankrupt is very contradictory as to the party to whom he sold the notes, but they were produced by Samuels, and show an endorsement of the bankrupt, and of one Nathan Lithauer, who is not called as a witness. This testimony does not justify the conclusion that the bankrupt held the notes or received the proceeds after October 22d; nor does it determine at all the time when he received the money on the notes. As to this and several of the other sums claimed by the assignee to have been received after October 22d, he has not apparently exhausted the sources of evidence as to the time when the money was received, and the matter being left in doubt on the testimony of the bankrupt, he has not produced sufficient weight of evidence to sustain the burden of proof which rests on him. There is no presumption as to the time when the moneys were received, nor is the contradictory and evasive character of the bankrupt's testimony a circumstance sufficient to supply the want of proof. The bankrupt has not duly accounted for this money received after the filing of the petition. He had no right to pay it out without the order of the court, even for the benefit of the estate. The alleged payment of interest on mortgage of real estate is not proven to have been for the benefit of his estate, nor is any voucher produced for it.

If the fact of payment were clearly proven, and the benefit to the estate, these alleged payments might now be ratified and allowed, but in the absence of any such evidence, his uncorroborated statement is not a sufficient accounting. He must therefore be charged with, and ordered to pay over to the assignee said sum of six hundred and ninety-six dollars and ninety-seven cents, with interest from the first day of January, 1876. As to the moneys alleged to have been received before the bankruptcy, he admits receiving, before the filing of the petition, including nine hundred and fifty dollars—drawn from the bank—

|  |  | $7,545 37 |
|---|---|---|
| From this should be deducted, as upon the evidence they may have been received long before, G. Samuels | $1,097 72 | |
| Werkless | 59 91 | |
| Charged above as received after October 22d, Bartlett, Reed & Co | 15 75 | 1,178 38 |
| Leaving to be accounted for, as received within three weeks before October 22d | | $6,371 99 |
| Of this it is proved by the witness Zippert, and by the bankrupt that he paid Zippert, a few days before the filing of the petition: | | |
| In cash | $2,800 00 | |
| In note received for H. Robinson | 126 82 | 2,926 82 |
| Leaving | | $3,445 67 |

The bankrupt claims to have paid out all the rest in household and business expenses before the filing of the petition, but he offers no evidence whatever in corroboration of his statement, and he does not commend himself to the court as so credible a witness that his money should be considered properly accounted for upon his bare statement that he had paid it out, especially as for the greater part of it, if so paid out, there would in the due course of business be vouchers, which he does not produce, and corroborative testimony, which also is not produced.

The result, therefore, of the case as it stands is that he is chargeable with the further sum of three thousand four hundred and forty-five dollars and sixty-seven cents, with interest from October 22, 1875. While I think this is the proper conclusion from the testimony as it stands, I am embarrassed by the circumstance that the case of the bankrupt was submitted without the aid of counsel, and that he may be able, on taking further proof, to discharge himself as to some part of the moneys received in October, and therefore an order will be made that upon his giving satisfactory security for his appearance from time to time to abide the order of the court, further testimony may be taken as to the disposition of the moneys received before October 22d. The following order was made upon this decision on the 13th day of August, 1878: The petition of John Currie Wilmerding (the assignee in bankruptcy of the above-named bankrupt) to compel the said bankrupt to pay to said assignee certain moneys alleged to have been collected by said bankrupt, and belonging to his estate, coming on to be heard upon the answer filed, and the proofs taken therein, and upon consideration of said testimony and proofs, and hearing A. Blumenstiel, of counsel for petitioner in favor of the prayer of said petition, and William Ettinger in opposition, it is adjudged, that the said bankrupt had in his hands, at the time the petition in bankruptcy was filed against him, to wit, October 22, 1875, the sum of thirty-four hundred and forty-five dollars and sixty-seven cents. And it is also further adjudged that the said bankrupt collected of his assets subsequent to the filing of said bankruptcy petition the further sum of six hundred and ninety-six dollars and ninety-seven cents, all of which moneys, amounting in the aggregate to the sum of forty-one hundred and forty-two dollars and sixty-four cents, has been entirely unaccounted for, and on motion of A. Blumenstiel, attorney for said assignee, it is ordered, that said William Ettinger, within fifteen (15) days from the service of this order on him, pay to the said assignee, or his attorney, the said sum of forty-one hundred and forty-two dollars and sixty-four cents, with interest thereon from January 1, 1876, and in case of default in the payment of said sum, or of any part thereof, it is ordered, that an attachment

issue against said William Ettinger as for a contempt of court to the marshal of this district, commanding him to confine the said William Ettinger in close custody until said sum be paid. Provided, however, if the said William Ettinger shall, within said fifteen days from the entry of this order and service of a copy thereof on him give a bond, with surety or sureties to be approved by the court, in the penal sum of five thousand dollars, for his appearance from time to time to abide and perform any further order of the court to be made in this matter, then leave is given to said William Ettinger to give and produce further testimony before the register in charge of this case in reference to the disposition of said moneys or any part thereof, and in such case like permission is given to the assignee to produce such other testimony as he shall be advised to further sustain the allegations of said petition, or any part thereof, as well as to meet any evidence to be produced by said William Ettinger.